UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANNA LEMAIRE | CASE NO.  6:22-CV-04554 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| UNITED SERVICES AUTOMOBILE ASSOCIATION | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

Before the Court is "United Services Automobile Association's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 19) wherein, Defendant moves to dismiss all claims asserted in the Complaint.

**INTRODUCTION**

Plaintiff filed the instant lawsuit against USAA to recover for property damages allegedly sustained as a result of Hurricanes Laura and Delta.[1] Plaintiff's Complaint further alleges that USAA provided a policy of insurance to Plaintiff covering the subject Property located at 206 Open Meadows Drive, Lafayette, Louisiana 70506.[2] In her Complaint, Plaintiff identifies herself as domiciled in Louisiana and USAA as "a foreign insurance corporation organized and incorporated under the laws of the State of Texas with a principal place of business located in San Antonio, Texas, but which is authorized to do and doing business in the State of Louisiana."[3]

---

[1] Doc. 1, ¶ ¶ 1-2.
[2] *Id.*
[3] *Id.*

However, the sole named defendant, USAA, is a reciprocal interinsurance exchange with members in all fifty states of the United States, including Louisiana. See *McIntosh v. USAA Gen. Indem. Co.*, 2021 WL 211086, at a *6 (S.D. Ill. Jan. 21, 2021).

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## LAW AND ANALYSIS

USAA moves to dismiss this lawsuit for lack of subject matter jurisdiction. Plaintiff is a resident of Louisiana. USAA is a reciprocal interinsurance exchange with members in all fifty states of the United States, including Louisiana. *See McIntosh v. UDAA Gen. Indem. Co.*, 2021 WL 211086, at *2 (S.D. Ill. Jan. 21, 2021). USAA maintains that because there is no diversity in this case, it must be dismissed. The Court agrees.

## CONCLUSION

Because the parties in this case are not diverse, this Court lacks subject matter jurisdiction and will dismiss this lawsuit.

**THUS DONE AND SIGNED** in Chambers on this 5th day of January, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**